

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2004

# City Light Cleaners v. Amer Alliance Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4324

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"City Light Cleaners v. Amer Alliance Ins Co" (2004). *2004 Decisions.* Paper 219.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/219

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 02-4324, 03-1779, 03-1780 & 03-3238

———

CITY LIGHT CLEANERS OF WILLIAMSPORT, INC.

v.

AMERICAN ALLIANCE INSURANCE CO.,

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-CV-01071)
District Judge: The Honorable James F. McClure, Jr.

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 28, 2004

Before: RENDELL, FUENTES, and SMITH, Circuit Judges.

(Opinion Filed:    October 19, 2004)

———

OPINION OF THE COURT

———

1

FUENTES, Circuit Judge.

Defendant-Appellant American Alliance Insurance Co. ("American Alliance") appeals the decision of the District Court entering judgment in favor of the Plaintiff-Appellee City Light Cleaners of Williamsport, Inc. ("City Light") and related orders. American Alliance contends that the District Court erroneously granted City Light's Renewed Motion for Judgment as a Matter of Law and erroneously denied American Alliance's Motion for Reconsideration and Motion for New Trial.

We affirm substantially for the reasons expressed in the thorough and persuasive opinion of the District Court. We add the following to underscore our own agreement with that decision.[1]

First, American Alliance's contention that the District Court erroneously introduced a new element it terms "proof of complicity" into Pennsylvania's law of civil arson is unpersuasive. We do not read the District Court's March 7, 2003 order as introducing a new element as American Alliance contends, nor do we find that the District Court misapplied existing Pennsylvania law in concluding that the record contained insufficient evidence to support the jury's verdict.

Second, American Alliance's argument that it is entitled to a new trial because the

[1]The District Court exercised jurisdiction over this matter under 28 U.S.C. § 1332. We have appellate jurisdiction to review the judgment of the District Court under 28 U.S.C. § 1291.

2

District Court abused its discretion in refusing to admit evidence at trial that allegedly shows that City Light's sole owner, Kamyar Shams, was involved with the setting of a Colorado fire whose circumstances were similar to those of the fire in this matter, is also unpersuasive.[2] We note that the District Court provided a thorough explanation for its decision in its March 7, 2003 order denying American Alliance's Motion for a New Trial, concluding that "(1) the evidence is irrelevant; (2) the evidence serves no purpose other than improperly demonstrating Sham's propensity to start fires; and (3) the evidence's probative value is substantially outweighed by the danger of unfair prejudice." For the reasons stated in its March 7, 2003 order, we cannot say that, on the record before us, the District Court abused its discretion in refusing to admit evidence of the Colorado fire.

Finally, we reject American Alliance's contention that the District Court's November 1, 2002 order granting City Light's Renewed Motion for Judgment as a Matter of Law found the jury verdict to be inconsistent. In its November 1, 2002 order, the District Court did not find the jury verdict to be inconsistent. Rather, it found that there was insufficient evidence by which a reasonable jury could find by a preponderance of the evidence that Shams caused the fire to be set to the store. The District Court re-emphasized this distinction in its March 7, 2003 denial of American Alliance's Motion for Reconsideration by noting: "[t]he issue before us is not one of inconsistent verdicts; it is one of sufficiency of the evidence."

---

[2]We review a District Court's admission or exclusion of evidence based on a permissible reading of the Federal Rules of Evidence for an abuse of discretion. *See Renda v. King*, 347 F.3d 550, 553 (3d Cir. 2003).

Nor do we agree with American Alliance that the jury verdict was in fact inconsistent. There is nothing inconsistent about a situation where a jury finds that a person who did not set the fire directs another to set the fire. The issue in this case is not that the jury verdict was inconsistent but rather that there was insufficient evidence presented at trial to support a finding of the latter, *i.e.*, that Shams caused the fire to be set. We similarly dispose of American Alliance's argument that the verdict was the result of juror confusion. The jury verdict was deficient not as a result of any juror confusion but rather as a result of insufficient evidence offered at trial.

Accordingly, after carefully considering the arguments discussed above and all other arguments advanced by American Alliance in its briefs to this Court, we find no error in the decision of the District Court. Accordingly, we will affirm the judgment of the District Court.

―――――